IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ONSET FINANCIAL, INC.,<br><br>                Plaintiff,<br>  v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, INC.,<br><br>                Defendant.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, INC.,<br><br>                Third-Party Plaintiff,<br>  v.<br><br>FAMILY PRACTICE OF ATLANTA MEDICAL GROUP, LLC, et al.,<br><br>                Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO TRANSFER VENUE**<br><br><br>Case No. 2:16-cv-0063<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Paul M. Warner |

District Judge Jill Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant and Third-Party Plaintiff Westchester Fire Insurance Company's ("Westchester") Motion to Transfer Venue.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

This lawsuit arises out of a lease agreement between and Plaintiff Onset Financial, Inc. ("Onset") and Third-Party Defendants Sondial Proprieties, LLC and Family Practice of Atlanta

---

[1] Dkt. No. 12.
[2] Dkt. No. 42.
[3] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

Medical Group, LLC (collectively, "Co-Lessees").[4] On November 7, 2014, Onset and the Co-Lessees entered into a Master Lease Agreement ("Master Lease") wherein Onset agreed to lease medical equipment to the Co-Lessees.[5] To facilitate the transaction, the Master Lease required the Co-Lessees to obtain a lease payment bond in favor of Onset in the amount of $2,600,000.[6]

On November 24, 2014, Westchester executed a Lease Payment Bond ("Lease Payment Bond") in favor of Onset for $2,600,000.[7] In exchange for the Lease Payment Bond, the Co-Lessees and the remaining Third-Party Defendants Sondial Pharmacy, LLC, Nexus Laboratories, Inc., Alphonso Waters, and Dr. Sondi Moore-Waters, each executed an Agreement of Indemnity.[8] The Agreement of Indemnity required each Third-Party Defendant to indemnify Westchester for any obligation Westchester may incur under the Lease Payment Bond.[9]

Subsequently, the Co-Lessees failed to make payments required under the Master Lease.[10] Therefore, on December 7, 2015, Onset filed a lawsuit against Westchester in the Third Judicial District Court for the state of Utah.[11] Onset alleges that the Co-Lessees are in default and, therefore, Westchester is obligated to pay Onset $2,600,000 under the terms of the Lease Payment Bond.[12]

On January 26, 2016, Westchester removed this case to the District of Utah. Additionally, on April 7, 2016, Westchester filed a third-party action against the Third-Party Defendants alleging that the Third-Party Defendants are obligated to pay Westchester for any

---

[4] Dkt. No. 2-1 at ¶ 5.
[5] *Id.* at ¶¶ 4–6.
[6] *Id.* at ¶¶ 7–8.
[7] *Id.* at ¶ 8.
[8] Dkt. No. 19 at ¶ 13.
[9] *Id.*
[10] Dkt. No. 2-1 at ¶ 10.
[11] *See* Dkt. No. 2.
[12] Dkt. No. 2-1 at ¶ 16.

amounts that Westchester may be obligated to pay Onset under the terms of the Lease Payment Bond.[13]

Subsequently, Westchester motioned for the court to transfer this case to the Northern District of Georgia.[14] Westchester is a resident of Pennsylvania.[15] Westchester alleges that the Third-Party Defendants are residents of the Northern District of Georgia and that the majority of the witnesses and evidence in this case is located in the Northern District of Georgia.[16] Onset is a Utah corporation with its principle place of business in Salt Lake City, Utah.[17] Onset claims that the majority of its witnesses and evidence are located in Utah.[18]

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." To satisfy § 1404(a), the moving party must establish two prerequisites. *See RES-NV, LLC v. Rosenberg*, No. 2:13CV00115DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013). First, the moving party must establish that the transferee court is a forum in which the action could have been originally brought. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("[Section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."). Second, the moving party "bears the burden of establishing that the existing forum is inconvenient." *Id.* Onset does not dispute that this action could have been

---

[13] Dkt. No. 19.
[14] Dkt. No. 42.
[15] *Id.* at 18.
[16] *Id.* at 10–15.
[17] Dkt. No. 2-1 at ¶ 1.
[18] Dkt. No. 48 at 6.

brought in the Northern District of Georgia.[19]  Therefore, the court is left to determine whether Westchester has met its burden to demonstrate that the District of Utah is inconvenient.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 1515–16 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  To determine whether a forum is inconvenient and transfer proper, the court weighs a number of factors, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).  The moving party does not have to establish that every factor tips in his or her favor.  *See Rosenberg*, 2013 WL 3548697 at *2–3.  Rather, § 1404(a) allows the Court to evaluate the relevant factors that contribute to whether the chosen forum is inconvenient.  *Id.*

Westchester claims that the Northern District of Georgia has more ties to this case than the District of Utah because: (1) the Third-Party Defendants reside in the Northern District of Georgia; (2) primary witnesses and other sources of proof are located in the Northern District of Georgia; and (3) the assets at issue in the Master Lease and the Lease Payment Bond are located in the Northern District of Georgia.[20]  Onset counters that its choice of forum should remain undisturbed because Westchester has failed to meet its burden to demonstrate the balance of

---

[19] *See* Dkt. No. 48.
[20] Dkt. No. 42 at 2–3.

relevant factors tips strongly in favor of transfer.[21] Onset argues that its primary witnesses and documentary evidence are located in Utah and Utah law governs the Master Lease.[22]

For the reasons that follow, Westchester's Motion to Transfer Venue is denied. Where the balance of evidence and witnesses remains equal among forums, the court must defer to the plaintiff's chosen venue. Particularly, there are three relevant factors that demonstrate that this case should remain in Utah: (1) Onset's chosen forum is Utah; (2) Westchester has not demonstrated that the accessibility of witnesses and other sources of proof is harmed by the case proceeding in Utah; and (3) the Master Lease is governed by Utah law and contains a forum selection clause in favor of Utah.

### A. Plaintiff's Chosen Forum

Onset's choice of forum weighs against transfer. "Unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir. 1972). Indeed, the court will "honor the plaintiff's choice of forum 'unless the balance in the defendant's favor is shown by *clear and convincing* evidence." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (citations omitted) (emphasis in original).

Onset is a Utah corporation with its principal place of business in Salt Lake City, Utah.[23] The Lease Payment Bond executed by Westchester and Onset and delivered to Onset in Utah.[24] The Master Lease supported by the Lease Payment Bond is expressly governed by Utah law.[25]

---

[21] Additionally, Onset argues that Westchester's venue motion is untimely. However, § 1404(a) allows transfer to occur "at any time during the pendency of the case, even after judgment has been entered." *Chrysler Credit Corp.*, 928 F.2d at 1516.
[22] Dkt. No. 48 at 6.
[23] Dkt. No. 2-1 at ¶ 1.
[24] Dkt. No. 48 at 5.
[25] Dkt. No. 40-2 at § 20(e) (stating that the lease is governed and should be construed in accordance with the laws of the state of Utah).

Furthermore, as discussed below, Westchester has not demonstrated the remaining relevant factors tip strongly in Westchester's favor.  Therefore, the court will not disturb Onset's choice of forum.

### B.  The Accessibility of Witnesses and Other Sources of Proof

The accessibility of witnesses and other sources of proof weigh against transfer to the Northern District of Georgia.  The accessibility of witnesses and sources of proof is the "most important factor" in determining whether a forum is inconvenient under § 1404(a).  *Employers Mut. Cas. Co.*, 618 F.3d at 1169 (quotations and citation omitted).  To demonstrate inconvenience under this factor, it is not enough to merely point to the location of probable witnesses outside the forum.  Rather, the moving party must (1) identify the witnesses and their locations; (2) indicate the "quality or materiality of their testimony"; and (3) show that any such witnesses are unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.  *See id.* at 1169.  Importantly, "[m]erely shifting the inconvenience from one side to the other" will not be sufficient to support transfer. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

In *Scheidt v. Klein*, the defendant argued, in part, that the case should be transferred to Florida because the majority of the contemplated witnesses resided in Florida and the pertinent documentary evidence was located in Florida.  *Id.* at 965.  The defendant had identified eight Florida witnesses and stated generally that these witnesses could speak to the fact of the case.  *See id.* at 965–66.  The Tenth Circuit agreed with the district court that the defendant had not met its burden to show the venue was inconvenient.  *Id.* at 966.  The court found that the defendant failed to submit anything that would "indicate the quality or materiality of the testimony."  *Id.* at 966 (quotations and citation omitted).  Additionally, the defendant failed to show that the

purported witnesses were unwilling to come to the plaintiff's chosen forum, that deposition testimony would be unsatisfactory, or that the use of the court's compulsory process would be necessary.  *Id.*  The court held that the defendant's "meager showing failed to demonstrate the requisite inconvenience to his witnesses." *Id.*  Similarly, the defendant's "conclusory averment regarding the boxes of (unidentified, undescribed) 'documents'" located in Florida was "clearly deficient." *Id.* (citations omitted).  The court found it persuasive that the defendant did not explain why the documentary evidence at issue could not be shipped to the plaintiff's chosen forum. *Id.*

Like *Scheidt*, the court is unpersuaded by Westchester's "meager showing" of the inconvenience of witnesses and other sources of proof.  Westchester has identified the following witnesses located in the Northern District of Georgia:

> (1) Representatives of Family Practice; (2) Representatives of Sondial Pharmacy; (3) Representatives of Sondial Properties; (4) Representatives of Nexus Laboratories; (5) Waters; (6) Moore-Waters; (7) Representatives of ERHCAP, LLC and Empire Realty Holdings, LLC; (8) Representatives of Private Preferred, LLC; and (9) Representatives of Cushman & Wakefield of Georgia, Inc.[26]

Westchester goes on to describe, generally, how each of these witnesses can speak to the facts of the case.  Westchester makes no attempt to demonstrate "quality or materiality of the testimony" these witnesses will provide.  Moreover, Westchester fails proffer why deposition testimony would be unsatisfactory or that the use of the court's compulsory process will be necessary.  Westchester merely states: "having these individuals deposed and, if necessary, testify in an action venued in Utah would be prohibitive at best, impossible at worst."[27]  Without more, the

---

[26] Dkt. No. 42 at 11.
[27] *Id.* at 14.  Additionally, the parties have already scheduled and presumably conducted several depositions without interference from the court. Dkt. No. 48 at 3.  Therefore, it appears Westchester's parade of horribles is unfounded.

court cannot say that the location of Westchester's witnesses renders the District of Utah an unsuitable forum.

Similarly, Westchester relies heavily on the fact that a substantial portion of its documentary evidence is located in Georgia and that the equipment at issue in the Master Lease is located in Georgia.[28] With the arsenal of tools at counsel's disposal in the digital age, the court finds it difficult to believe that any documentary evidence located in Georgia cannot be shipped or electronically delivered to Utah at a minimal cost. *See Corel Software, LLC v. Microsoft Corp.*, 2:15-cv-528-JNP-PMW, 2016 WL 782249 at *3 (D. Utah Feb. 26, 2016) (recognizing that "transferring documents from one forum to another is as easy as a click of a mouse"). Additionally, at its core the dispute between the parties is contractual.[29] Neither Onset nor Westchester will be required to haul the lease equipment into court to prove its case. Therefore, the location of documentary evidence and the lease equipment in Georgia does not lead to the conclusion that the Northern District of Georgia is a proper forum.

Furthermore, Onset has also proffered that its key fact witnesses and documentary evidence is located in Utah.[30] Where Westchester has merely shifted inconvenience from "one side to the other," there is no justification for the court to transfer venue pursuant to § 1404(a). *See Scheidt,* 956 F.2d at 966.

### C. Locality Factor

The likely application of Utah law weighs against transfer. "When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Employers Mut. Cas. Co.*, 618 F.3d at 1170 (citing cases). Indeed, "[t]here is a local interest in

---

[28] Dkt. No. 42 at 15–16.
[29] *See* Dkt. No. 2-1; Dkt. No. 19 at ¶¶ 19–25, 26–30 (seeking contractual indemnification and declaratory judgment for subrogation).
[30] Dkt. No. 48 at 6.

having localized controversies decided at home." *Bailey v. Union Pac. R.R. Co.,* 364 F. Supp. 2d 1227, 1233 (D. Colo. 2005) (quotations and citation omitted). Moreover, the Supreme Court has recently reinforced the rule that § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013) The Court found that "§ 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* (quotations and citation omitted). The Court further held that when the parties enter into a valid forum selection clause, they "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 582. Indeed, the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 581 (quotations and citation omitted).

In this case, the Master Lease is governed by Utah Law.[31] Any claims by Westchester for indemnification from the Third-Party Defendants will be dependent on whether Onset or the Third-Party Defendants have breached the terms of the Master Lease.[32] Moreover, the Master Lease has a forum selection clause mandating that all disputes under the Master Lease be litigated in Utah.[33] While Westchester is not a party to the Master Lease, Westchester issued a Lease Payment Bond with knowledge that any dispute related to the performance of the Master Lease would be litigated in the District of Utah. Furthermore, Westchester points to the location

---

[31] *See supra* note 25.
[32] Dkt. No. 19 at ¶ 22 ("[T]he Third-Party Defendants are further obligated to indemnify Westchester for any and all costs that Westchester incurs in defending this action filed against it by Onset or in otherwise complying with the Lease Payment Bond.").
[33] Dkt. No. 40-2 at § 20(e) (stating that any litigation related to the Master Lease shall be brought only in the state or federal courts in the state of Utah).

of the Co-Lessees as a justification for transferring the case to the Northern District of Georgia.[34] However, the Co-Lessees bargained for a forum selection clause in favor of Utah and should expect to appear in Utah to answer to any claims that may arise under the Master Lease. Therefore, the application of Utah law and the forum selection clause in the Master Lease favor litigation in the District of Utah.

## CONCLUSION

After reviewing all the relevant factors, the court concludes that Westchester has not established that a change of venue is justified under 28 U.S.C. § 1404(a). Westchester and the Third-Party Defendants chose to engage in business with a Utah company. Therefore, Westchester should be prepared to defend itself in the District of Utah. Westchester's Motion to Transfer Venue[35] is DENIED.

IT IS SO ORDERED.

DATED this 22nd Day of December, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[34] Dkt. No. 42 at 11.
[35] Dkt. No. 42.