IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ONSET FINANCIAL, INC., a Utah corporation,<br><br>Plaintiff,<br>v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER TRANSFERRING VENUE TO THE NORTHERN DISTRICT OF GEORGIA**<br><br>Case No. 2:16-cv-00063-JNP-PMW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner |
| WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation<br><br>Third-Party Plaintiff.<br>v.<br><br>FAMILY PRACTICE OF ATLANTA MEDICAL GROUP, LLC, a Georgia limited liability company; SONDIAL PHARMACY, L.L.C., a Georgia limited liability company; SONDIAL PROPERTIES, LLC; a Georgia limited liability company; NEXUS LABORATORIES, INC., a Georgia corporation; ALPHONSO WATERS; DR. SONDI MOORE-WATERS.<br><br>Third-Party Defendants | |

This matter is before the court on Third-Party Plaintiff Westchester Fire Insurance's ("Westchester") Motion for Default Judgment as to Family Practice of Atlanta Medical Group, LLC ("Family Practice"), Sondial Pharmacy, LLC ("Sondial Pharmacy"), Sondial Properties, LLC ("Sondial Properties"), and Nexus Laboratories, Inc. ("Nexus") (collectively "Sondial Entities"),

its Motion for Summary Judgment against Alphonso Waters and Dr. Sondi Moore-Waters (the "Waters"), and its Response to the Court's Order for Supplemental Briefing.

## BACKGROUND

This lawsuit arises out of a lease agreement for medical equipment between Onset Financial ("Onset") and Sondial Properties and Family Practice ("Master Lease"). The Master Lease required Sondial Properties and Family Practice to obtain a lease payment bond. Westchester executed the lease payment bond ("Bond") in favor of Onset for $2,600,000.00. In exchange for the Bond, the Sondial Entities and the Waters (collectively "Third-Party Defendants") signed an Agreement of Indemnity ("Indemnity Agreement") wherein they agreed to indemnify Westchester for any obligation under the Bond. Sondial Properties and Family Practice defaulted on the Master Lease. Onset then sued Westchester in the Third Judicial District Court in and for Salt Lake County, State of Utah on December 8, 2015.

Westchester removed the action to the United States District Court, District of Utah on January 26, 2016. Westchester then filed a Third Party Complaint against the Sondial Entities and the Waters (collectively "Third-Party Defendants") on April 7, 2016. Westchester served the Sondial Entities on April 14, 2016. Westchester served Alphonso Waters on May 5, 2016 and Dr. Sondi Moore-Waters on December 23, 2016. Alphonso Waters, acting *pro se*, filed an answer on behalf of himself and the Sondial Entities on April 27, 2016, wherein he asserted all seven of the defenses available under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction. Dr. Sondi Moore-Waters, acting *pro se*, filed her answer and asserted the same affirmative defenses on December 27, 2016. Neither Mr. Alphonso Waters nor Dr. Sondi Moore-Waters have filed any subsequent responsive pleadings or otherwise appeared. Although Mr. Waters purported to act on

behalf of the Sondial Entities, Mr. Waters could not act *pro se* on behalf the business entities[1] and thus his answer was only effective as to himself. As of this date, the Sondial Entities have not answered or otherwise appeared. The clerk of court has entered default certificates against the Sondial Entities.

On July 17, 2017, the court dismissed all claims between Onset and Westchester pursuant to the parties' Stipulation to Dismiss Claims with Prejudice, leaving only Westchester's third-party claims against Third-Party Defendants. On November 21, 2018, Westchester filed its Motion for Default Judgment and its Motion for Summary Judgment on the third-party claims. Both motions are unopposed.

In reviewing the motions, the court became concerned that Westchester had failed to meet its burden to establish that this court has personal jurisdiction over the Third-Party Defendants. While personal jurisdiction is not routinely raised *sua sponte*, the court determined it must raise the issue here because "[a] judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Thus, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Id*. And when evaluating a motion for summary judgment, even "[i]f the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden." *Hansen v. Jenson*, 2008 WL 4145976, at *1 (D. Utah 2008) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir.2002)).

---

[1] The clerk of court informed Mr. Waters of this fact on May 27, 2016.

Because Westchester had not alleged any facts suggesting that this court may exercise personal jurisdiction over the Third-Party Defendants, the court ordered that Westchester file a supplemental memorandum alleging its basis for personal jurisdiction or notifying the court of its non-opposition to a transfer of venue. Westchester responded with a notice of non-opposition to a transfer of venue.

**ANALYSIS**

Westchester has failed to make any allegations establishing a factual basis for this court's exercise of personal jurisdiction over the Third-Party Defendants. Accordingly, this court finds that it may not exercise personal jurisdiction over the Third-Party Defendants and therefore may not enter default judgment or summary judgment against them. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). In the Tenth Circuit, there is precedent for transfer to another district pursuant to 28 U.S.C. section 1404(a) when the court *sua sponte* finds lack of personal jurisdiction. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (citing favorably *First National Bank of Louisville v. Bezema,* 569 F.Supp. 818 (S.D. Indiana 1983) wherein the district court transferred a case after *sua sponte* raising the issue of lack of personal jurisdiction). Under 28 U.S.C. section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

At the outset of this action, Westchester moved to transfer the case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Westchester alleged the Northern District of Georgia was the more convenient forum because Third-Party Defendants reside in the Northern District of Georgia, primary witnesses are located in the Northern District of Georgia, and finally the assets at issue in the underlying lawsuit are located in the Northern District of Georgia. Magistrate Judge

4

Paul Warner denied the motion to change venue because Onset had chosen Utah as the forum and Westchester had not met its burden to overcome the preference given to the plaintiff's choice of forum. *See* Memorandum Decision and Order Denying Motion to Transfer Venue, ECF No. 54. However, on July 17, 2017, the court dismissed all claims between Onset and Westchester. Thus, the court need no longer consider the plaintiff's choice of forum. Westchester has already indicated that it consents to a transfer to the Northern District of Georgia and Third-Party Defendants have not objected. Thus, the court must now evaluate only whether the action could have been brought in the Northern District of Georgia.

      Under to 28 U.S.C. § 1391(b): "A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For the reasons set forth below, the court finds that this action could have been brought in the Northern District of Georgia under both 28 U.S.C. § 1391(b)(1) and (2).

      All Third-Party Defendants are alleged to be citizens of the State of Georgia. The Waters are alleged to be citizens of Georgia, residing in Atlanta, which is in the Northern District of Georgia. Family Practice of Atlanta, Sondial Pharmacy, and Sondial Properties are alleged to be Georgia limited liability companies, whose members are the Waters. Thus these entity defendants are also citizens of Georgia, residing in Atlanta. Nexus laboratories is alleged to be a Georgia corporation with its principal place of business in Decatur, Georgia. Decatur is also located in the Northern District of Georgia.

Additionally, a substantial portion of the events giving rise to Westchester's claims took place in Georgia and the property at issue was located in Georgia. Third-Party Defendants all lived in the Northern District of Georgia, they operated their business in Georgia, and the property subject to the Master Lease was located in Georgia. Finally, the Indemnity Agreement at issue was signed in Georgia. For these reasons, the court finds that Westchester's claims against Third-Party Defendants could have been brought in the Northern District of Georgia.

## ORDER

Third-Party Plaintiff's Motion for Default Judgment and its Motion for Summary Judgment are **DENIED** without prejudice on the grounds that Third-Party Plaintiff failed to allege a factual basis supporting this court's exercise of personal jurisdiction over the Third-Party Defendants. The court accordingly **ORDERS** that this action be transferred to the United States District Court for the Northern District of Georgia.

Signed February 26, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge